IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIVE WHITCLIFF CAMPBELL, | : | CIVIL NO. 1:CV-10-2384 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| ERIC HOLDER, et al., | : | |
| Respondents | : | |

**MEMORANDUM**

Clive Whitcliff Campbell ("Campbell"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") incarcerated at the Pike County Correctional Facility, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 18, 2010. (Doc. No. 1.) Following a preliminary review of the petition, see R. Governing § 2254 Cases R. 4 (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), it is concluded that the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

**I.      Background**

Campbell, a native and citizen of Jamaica, entered the United Sates as a B-2 visitor on or about September 13, 1994. (Doc. No. 1 at 2.) He states he was detained by ICE on January 15, 2010 pursuant to a 2000 conviction, and has been in ICE custody for the past seven (7) months.

On August 12, 2010, he had a custody status review. (Doc. No. 1 at 4.) At that time, ICE decided not to release him from custody based on the following:

> You have not taken any measures, on your own, as instructed in form I-229, to assist ICE with obtaining a travel document. You have resided in the U.S. unlawfully for approximately 16 years and have several criminal arrests and a drug conviction during that time. ICE is currently working with the Jamaican consulate and headquarters and a travel document for your removal to Jamaica is

> expected in the foreseeable future. You appear to pose a significant flight risk if released from ICE custody.
>
> Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

(Doc. No. 1, 8/12/10 Decision to Continue Detention.) Campbell was also advised that if he was not released by November 11, 2010, jurisdiction of the custody decision in his case would be transferred to the Headquarters Case Management Unit (HQCMU).

## II.     Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i)   The date the order of removal becomes administratively final.
>
> (ii)  If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring

about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, as was the case here, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU. 8 C.F.R. § 241.13(d)(1). Pursuant to 8 C.F.R. § 241.13, special review procedures are established for "those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F. R. § 241.13(a). Significantly, an alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Id.

In the matter *sub judice*, all indications are that jurisdiction to make a determination

3

concerning Campbell's custody would now lie with the HQCMU.[1] It does not appear that Campbell has filed a written request for release with the HQCMU. Consequently, ICE will be ordered to treat the instant petition as a request for release under 8 C.F.R. § 241.13.

An appropriate order accompanies this memorandum.

---

[1] The HQCMU is on the same administrative level and performs the same custody reviews as the Headquarters Post Order Detention Unit ("HQPDU"). See Tung Thanh Hoang v. Decker, Civil No. 3-CV-08-1748, 2008 WL 4793734, *3 (M.D. Pa. Oct. 31, 2008)(Vanaskie, J.).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| CLIVE WHITCLIFF CAMPBELL, | : | CIVIL NO. 1:CV-10-2384 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| ERIC HOLDER, et al., | : | |
| Respondents | : | |

## ORDER

**AND NOW,** this 3rd day of December, 2010, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted for the sole purpose of filing the instant petition.

2. The petition for writ of habeas corpus is **denied**.

3. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide Petitioner with a response to his request within thirty (30) days.

4. Petitioner's motion for the appointment of counsel (Doc. No. 3) is **denied as moot**.

5. The Clerk of Court is directed to **close this case**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania